**FILED**

**October 3, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:37 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| KATHERINE RODGERS,<br>      Employee,<br>v.<br>NHC HEALTHCARE,<br>      Employer,<br>And<br>PREMIER GROUP INSURANCE,<br>      Carrier. | Docket No.: 2016-03-0449<br><br>State File No.: 33891-2016<br><br>Judge Lisa Lowe Knott |

## EXPEDITED HEARING ORDER
## DENYING TEMPORARY DISABILITY BENEFITS AND PAYMENT OF
## UNAUTHORIZED MEDICAL EXPENSES AND PRESCRIPTIONS
## (REVIEW OF FILE)

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Katherine Rodgers, pursuant to Tennessee Code Annotated section 50-6-239 (2015) on June 29, 2016. The central legal issue is whether Ms. Rogers is entitled to temporary disability benefits and payment of unauthorized emergency room expenses and prescriptions from those visits.

Ms. Rodgers filed a Petition for Benefit Determination (PBD) on May 6, 2016, seeking reimbursement for medical expenses and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN) on June 29, 2016. Ms. Rodgers filed a Request for Expedited Hearing for review of the file on June 29, 2016. There was an issue with Ms. Rogers serving her Request for Expedited Hearing on Employer, NHC Healthcare. Therefore, NHC did not file a response. The Court issued a docketing notice on September 1, 2016.

On September 12, 2016, NHC filed a Motion and a Response. NHC asserted that it did not receive the original Request for Expedited Hearing and only learned of the request upon receipt of the Court's docketing notice. NHC supported its assertion with

1

the affidavits of NHC's Knoxville Directing of Nursing, Amy Morgan, and Attorney Ford Little. (Exs. 3, 4.) Ms. Rodgers did not dispute that she did not serve her Request for Expedited Hearing and supporting documents on NHC, its Carrier, or its attorney. Therefore, the Court granted NHC's Motion to Reconsider Docketing Notice and on September 13, 2016, the Court issued an Amended Docketing Notice (including NHC's submissions) for On the Record Determination giving the parties until September 20, 2016, to file objections.

On September 19, 2016, Ms. Rodgers filed a position statement with objections to the information submitted by NHC. On September 26, 2016, NHC filed a Motion to Strike and/or in the alternative Respond to Employee's Objection. NHC averred that rather than asserting an objection and the legal basis, Ms. Rodgers' objection set forth substantive facts and argument and included additional documents. The Court agrees that Ms. Rodgers' September 19, 2016 Objection contained persuasive argument and facts rather than objections "to the admissibility of any of the documents filed by NHC," as required by the docketing notice. Therefore, NHC's Motion to Strike Ms. Rodgers' September 19, 2016 Objection is granted and Ms. Rodgers' Objection is marked for identification purposes only.

This Court finds it needs no additional information to determine whether Ms. Rodgers is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2015), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2015), the Court decides this matter upon a review of the written materials.

For the reasons set forth below, the Court finds Ms. Rodgers is not entitled to temporary disability benefits and payment of unauthorized emergency room expenses and prescriptions from those visits.[1]

## History of Claim

NHC employed Ms. Rodgers as a certified nursing assistant (CNA).

On April 14, 2016, Ms. Rodgers tripped over a box while clocking out at the end of her shift. As a result, she injured her right shoulder. That same day, NHC authorized Ms. Rodgers to seek treatment at Tennova's Physicians Regional Medical Center. (Ex. 3.) The providers at Tennova discharged her with diagnoses of forearm, upper arm, and knee contusions. (Ex. 13.) On April 16, Ms. Rodgers sought unauthorized treatment at University of Tennessee Medical Center, where she was diagnosed with right shoulder

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

pain. (Ex. 14.) On April 20, NHC provided Ms. Rodgers with a panel of physicians from which she selected East Town Urgent Care (ETUC). (Ex. 6.) That same day, Ms. Rodgers received treatment at ETUC. She was diagnosed with right shoulder pain and advised to wear a splint. ETUC referred her to an orthopedic, recommended an MRI, and restricted her to lifting only two pounds. (Ex. 11.) NHC provided a panel of orthopedic physicians from which Ms. Rodgers selected Dr. Edwin Spencer. (Ex. 6.) NHC scheduled an appointment for Ms. Rodgers to see Dr. Spencer on May 24. (Ex. 3.)

Before her appointment with Dr. Spencer, Ms. Rodgers went to Fort Sanders Regional Medical Center Emergency Care on May 1. She was diagnosed with "Injury of shoulder region." (Ex. 12.) When Ms. Rodgers saw Dr. Spencer, he provided authorized treatment and ordered physical therapy. Dr. Spencer assigned initial restrictions of no lifting; then, three days later, he stated Ms. Rodgers could return to work four-hour shifts for two weeks, eight-hour shifts for two weeks, and then full twelve-hour shifts, with lifting limited to zero pounds. On June 21, Dr. Spencer opined that Ms. Rodgers could work eight hours per day with a five-pound restriction. Within a month, Ms. Rodgers again sought treatment with Dr. Spencer, who returned her to full shift with no lifting. (Ex. 15.)

At issue in this matter are the expenses from Ms. Rodgers' unauthorized visits to UT Medical Center on April 16, and Fort Sanders Regional Medical Center on May 1, and expenses for medications prescribed during those visits. (Exs. 8, 15.) Ms. Rodgers stated she went to University of Tennessee Hospital because she was still in a great deal of pain.[2] (Ex. 2.)

In Ms. Morgan's affidavit, she stated NHC only authorized treatment with Tennova Physicians Regional Medical Center on April 14, and the two panel providers, East Towne Urgent Care and Dr. Spencer. NHC did not authorize Ms. Rodgers to seek treatment at any other hospital, including UT Medical Center, and upon learning that Ms. Rodgers made an unauthorized visit, Ms. Morgan informed her it was not authorized and would be her responsibility to pay for the treatment. (Ex. 3.)

Also at issue is Ms. Rodgers' claim for temporary disability benefits. Ms. Rodgers alleged that NHC did not comply with her two-pound restriction because it asked her to make beds, which she thinks was outside her restrictions because she had to lift mattresses in excess of two pounds. (Ex. 2) NHC alleges it did accommodate Ms. Rodgers' restrictions and provided a list of duties it provided within the restrictions. (Ex. 5.) In addition, Ms. Rodgers alleges she was out of work for a total of thirty-three days, with twenty-seven of those days being during the time it took NHC to get her appointment with Dr. Spencer. (Ex. 2.) Ms. Rodgers stated, "I sincerely believe that I did

---

[2] Ms. Rodgers provided the reason she went to Fort Sanders Regional Hospital in her Objection. However, the Court granted NHC's Motion to Strike Objection, and Ms. Rodgers did not provide the reason for her Fort Sanders Regional Hospital visit in the previously filed materials.

the right thing by staying off of work until I received treatment from an orthopedic doctor." *Id.*

## Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Rodgers need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d) (1) (2015).

This Court turns first to the issue of Ms. Rodgers' entitlement to reimbursement of unauthorized medical expenses and prescriptions. Under Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). "The injured employee shall accept the medical benefits . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

NHC provided an initial panel of physicians and then a second panel of orthopedic physicians. Therefore, NHC met its statutory obligation of providing appropriate panels. Turning to the issue of the unauthorized medical treatment, Workers' Compensation Law requires that before holding NHC responsible for unauthorized medical expenses, an assessment must be made as to whether, under the circumstances, Ms. Rodgers acted reasonably in seeking unauthorized care. *U.S. Fid. & Guar. Co. v. Morgan*, 795 S.W.2d 653, 655 (Tenn. 1990). The conclusion depends on the circumstances of each case. *Dorris v. INA Ins. Co.*, 764 S.W. 2d 538, 541 (Tenn. 1989).

The circumstances in this case lead the Court to conclude it was not reasonable for Ms. Rodgers to seek unauthorized treatment without properly notifying NHC. The only justification Ms. Rodgers provided for seeking unauthorized medical treatment was that she was still in pain. The Court sympathizes with Ms. Rodgers but finds inadequate justification for her unauthorized care without first checking with NHC. While Ms. Rodgers does not have the burden of establishing the necessity of medical treatment or the reasonableness of medical charges of East Towne Urgent Care or Dr. Spencer, she would have the burden of establishing the necessity and reasonableness of charges incurred from unauthorized providers, University of Tennessee Hospital and Fort Sanders Regional Hospital. *See Russell v. Genesco*, 651 S.W.2d 206, 211 (Tenn. 1983). While Ms. Rodgers provided some medical and prescription statements, she did not provide any

4

information or documentation to establish the necessity and reasonableness of the charges incurred from the unauthorized hospital visits. Since Ms. Rodgers did not establish she acted reasonably in seeking unauthorized care and did not establish the necessity and reasonableness of the charges, her claim for payment of unauthorized emergency room expenses and prescriptions from those visits is denied.

The next issue this Court must consider is Ms. Rodgers' eligibility for temporary disability benefits. An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery. *Id.*

Temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, is available when the temporary disability is not total. *Id.; see also* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id.* (citing *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005)). Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum medical improvement, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury, the injured worker may be eligible for temporary partial disability. *Id.*

Ms. Rodgers' Affidavit addressed her claim for temporary disability benefits. She stated, "I sincerely believe that I did the right thing by staying off of work until I received treatment from an orthopedic doctor. The Doctor at [ETUC] had no verifiable evidence to set the restrictions he set." By Ms. Rodgers' own admission, she substituted her judgment for that of her authorized medical providers and even though no medical provider took her off work, she chose not to work until she saw Dr. Spencer.

Since no authorized treating provider took Ms. Rodgers completely off work, she is not entitled to temporary total disability benefits. With regard to temporary partial disability benefits, NHC provided affidavit testimony that it provided Ms. Rodgers work within her restrictions. While Ms. Rodgers alleged that changing sheets exceeded her two-pound restriction, she did not provide any information to substantiate her claim that

5

she was required to lift the mattresses in order to be able to change the sheets. Therefore, Ms. Rodgers' claim for temporary partial disability benefits is denied.

After careful consideration, as a matter of law, Ms. Rodgers has not come forward with sufficient evidence from which this Court can conclude that she is likely to prevail at a hearing on the merits on the issues of temporary disability benefits and payment of unauthorized Emergency Room expenses and prescriptions.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Rodgers' claim against NHC Healthcare and its workers' compensation carrier for the requested payment of unauthorized medical treatment and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on November 28, 2016, at 9:30 A.M. Eastern Time.

**ENTERED this the 3rd day of October, 2016.**

**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. The parties must call 865-594-0109 or 855-383-0003 toll free to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

6

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Technical Record:

- Petition for Benefit Determination, filed May 6, 2016;
- Dispute Certification Notice, filed June 29, 2016;
- Request for Expedited Hearing, filed June 29, 2016;
- Docketing Notice for On-The-Record Determination, issued September 1, 2016;
- Amended Docketing Notice for On-The-Record Determination, issued September 13, 2016;
- NHC's Motion to Reconsider Docketing Notice for On the Record Determination and Response to Plaintiff's Motion for Expedited Hearing, filed September 12, 2016; and
- NHC's Motion to Strike and/or in the alternative Response to Employee's Objection.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

- EXHIBIT 1: Affidavit of Katherine Rodgers;
- EXHIBIT 2: Second Statement/Affidavit of Katherine Rodgers;
- EXHIBIT 3: Affidavit of National Healthcare/Knoxville LLC Director of Nursing Amy Morgan;
- EXHIBIT 4: Affidavit of Attorney Ford Little;
- EXHIBIT 5: List of Job Duties;
- EXHIBIT 6: Panels of Physician, form C-42, executed;
- EXHIBIT 7: Wage Statement, Form C-41;
- EXHIBIT 8: Prescription Record of Walgreens;
- EXHIBIT 9: Therapy Orders of OrthoTennessee;
- EXHIBIT 10: Return to Work Status Reports of Knoxville Orthopedic Clinic;
- EXHIBIT 11: Medical Records of East Towne Urgent Care;
- EXHIBIT 12: Medical Records of Fort Sanders Regional Medical Center;
- EXHIBIT 13: Medical Records and Expenses of Tennova Physicians Regional Medical Center;
- EXHIBIT 14: Medical Records of University of Tennessee Hospital;
- EXHIBIT 15: Medical Records of Dr. Edwin Spencer of Knoxville Orthopedic Clinic;
- EXHIBIT 16: Medical Expenses;

- EXHIBIT 17: NHC/Premier Group Insurance's Proof of Payments; and
- Marked for Identification Purposes Only-EXHIBIT 18-Ms. Rodgers' January 19, 2016 Objection.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 3rd day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Katherine Rodgers, Self-Represented Employee | X | | | Katherine Rodgers 832 W. Emerald Avenue Knoxville, TN 37921 |
| Ford Little, Esq., Employer's Attorney | | | X | flittle@wmbac.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov